Matter of Peterson v McCall (2023 NY Slip Op 05402)

Matter of Peterson v McCall

2023 NY Slip Op 05402

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
LOURDES M. VENTURA, JJ.

2022-07337
 (Docket No. F-1475-22)

[*1]In the Matter of Jiasia M. Peterson, respondent,
v
Michael C. McCall, appellant.

Carol Kahn, New York, NY, for appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Dutchess County (Jeffrey C. Martin, J.), dated August 4, 2022. The order denied the father's objections to a temporary order of support of the same court (Steven Kaufman, S.M.) dated May 24, 2022, which directed the father to pay child support in the sum of $126 per week, and an order of the same court (Steven Kaufman, S.M.) dated June 10, 2022, which, upon the parties' consent, inter alia, directed the father to pay child support in the sum of $100 per week.
ORDERED that the order dated August 4, 2022, is affirmed, without costs or disbursements.
The Family Court properly denied the father's objections to a temporary order of support dated May 24, 2022, and an order of support on consent dated June 10, 2022, on the procedural ground that he failed to file proof of service demonstrating that a copy of the objections were properly served upon the mother. Family Court Act § 439(e) requires that "[a] party filing objections . . . serve a copy of such objections upon the opposing party" and that "[p]roof of service upon the opposing party . . . be filed with the court at the time of filing of objections and any rebuttal." Here, it is undisputed that the father did not file the requisite proof of service inasmuch as no affidavit of service was filed with the court (see CPLR 306[a], [d]). By failing to file proof of service, the father failed to fulfill a condition precedent for Family Court review of his objections, and therefore, he failed to exhaust the Family Court procedure for review of his objections (see Matter of Hamid v Ramroop, 206 AD3d 913, 914; Matter of Ishmael A.A.-S. v Sacha C., 169 AD3d 662, 663).
DUFFY, J.P., MALTESE, TAYLOR and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court